

CLOSED
FILED
JUN 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:08-cv-10626-RGS
### Internal Use Only

CV 08    2983

Coleman v. The Charles Schwab Corporation et al
Assigned to: Judge Richard G. Stearns
related Case: 1:08-cv-10593-RGS
Cause: 15:77 Securities Fraud

E-filing

Date Filed: 04/11/2008
Date Terminated: 05/27/2008
Jury Demand: Plaintiff
Nature of Suit: 850
Securities/Commodities
Jurisdiction: Federal Question

JSW

ADR

## Plaintiff

**Arnita Coleman**
*Individually and On Behalf of All*
*Others Similarly Situated*

represented by **David Pastor**
Gilman and Pastor, LLP
225 Franklin Street
16th Floor
Boston, MA 02110
617-742-9700
Fax: 617-742-9701

6/13/08



I HEREBY ATTEST AND CERTIFY ON
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BY:

V.

## Defendant

**The Charles Schwab Corporation**

represented by **Frances S. Cohen**
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8872
Fax: 617-951-8736
Email: frances.cohen@bingham.com
*ATTORNEY TO BE NOTICED*

**Steven W. Hansen**
Bingham McCutchen LLP - MA
One Federal Street
Boston, MA 02110-1726
617-951-8538
Fax: 617-951-8736



Email: steven.hansen@Bingham.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab & Co., Inc.**          represented by **Frances S. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven W. Hansen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab Investment**          represented by **Frances S. Cohen**
**Management, Inc.**                          (See above for address)
*ATTORNEY TO BE NOTICED*

**Steven W. Hansen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles R. Schwab**                    represented by **Frances S. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven W. Hansen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Evelyn Dilsaver**                      represented by **Frances S. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven W. Hansen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Randall W. Merk**                      represented by **Frances S. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven W. Hansen**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Defendant

**George M. Pereira**                    represented by **Frances S. Cohen**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Steven W. Hansen**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

## Interested Party

**Mike Labins**

## Notice

## Schwab YieldPlus Investor Group

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2008 | 🖼 1 | COMPLAINT against all defendants, filed by Arnita Coleman. (Attachments: # 1 Plaintiff's Certification, # 2 Civil Action Cover Sheet, # 3 Category Sheet)(Pastor, David) (Entered: 04/11/2008) |
| 04/11/2008 | 🖼 | ELECTRONIC NOTICE of Case Assignment. Judge Richard G. Stearns assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler (Edge, Eugenia) (Entered: 04/13/2008) |
| 04/11/2008 | 🖼 2 | Summons Issued as to The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Edge, Eugenia) (Entered: 04/13/2008) |
| 04/22/2008 | 🖼 | Filing fee: $ 350.00, receipt number BST003079 for 1 Complaint (Russo, Patricia) (Entered: 04/22/2008) |
| 05/15/2008 | 🖼 3 | NOTICE of Appearance by Frances S. Cohen on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira (Cohen, Frances) (Entered: 05/15/2008) |
| 05/15/2008 | 🖼 4 | NOTICE of Appearance by Steven W. Hansen on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira (Hansen, Steven) (Entered: 05/15/2008) |

| 05/15/2008 | 📎 5 | CORPORATE DISCLOSURE STATEMENT by The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira identifying Corporate Parent The Charles Schwab Corporation for Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., The Charles Schwab Corporation.. (Hansen, Steven) (Entered: 05/15/2008) |
| --- | --- | --- |
| 05/16/2008 | 📎 6 | STIPULATION *and [Proposed] Order* by Arnita Coleman, The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira. (Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 📎 7 | STIPULATION *and [Proposed] Order* by Arnita Coleman, The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira. (Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 📎 8 | MOTION to Transfer Case *to the Northern District of California* by The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira.(Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 📎 9 | MEMORANDUM in Support re 8 MOTION to Transfer Case *to the Northern District of California* filed by The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira. (Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 📎 10 | AFFIDAVIT re 9 Memorandum in Support of Motion, *to Transfer* by The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab. (Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 📎 11 | RESPONSE to Motion re 8 MOTION to Transfer Case *to the Northern District of California FIRST-FILED PLAINTIFF MIKE LABINS' JOINDER IN DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA* filed by Mike Labins. (Nalven, David) (Entered: 05/16/2008) |
| 05/17/2008 | 📎 12 | NOTICE by Schwab YieldPlus Investor Group *Of Filing Motion to Consolidate, For Lead Plaintiff and For Approval of Selection of Lead Counsel* (Nalven, David) (Entered: 05/17/2008) |
| 05/19/2008 | 📎 | Please note: Document number seven replaces document six due to corrections. (Flaherty, Elaine) (Entered: 05/19/2008) |
| 05/21/2008 | 📎 | Judge Richard G. Stearns: Electronic ORDER entered granting 8 Motion to Transfer Case (Flaherty, Elaine) (Entered: 05/21/2008) |
| 05/21/2008 | 📎 14 | Judge Richard G. Stearns: ORDER entered. STIPULATION AND ORDER(Flaherty, Elaine) (Entered: 05/22/2008) |

| 05/21/2008 | 📄 15 | Judge Richard G. Stearns: Stipulated ORDER, entered. "Approved."(Flaherty, Elaine) (Entered: 06/06/2008) |
| 05/22/2008 | 📄 13 | NOTICE of Change of Address or Firm Name by Steven W. Hansen *and Frances S. Cohen* (Hansen, Steven) (Entered: 05/22/2008) |
| 05/27/2008 | 📄 | Civil Case Terminated. (Flaherty, Elaine) (Entered: 05/27/2008) |
| 06/13/2008 | 📄 | Case file sent to Northern District of CA. (Flaherty, Elaine) (Entered: 06/13/2008) |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

R. DANIEL BOHL, On Behalf of Himself and )
All Others Similarly Situated,                )
                                               )
                    Plaintiff,                 )
                                               )
        vs.                                    )    1:08-CV-10593-RGS
                                               )    08- 10626-RYS
THE CHARLES SCHWAB CORPORATION,                )
et al.,                                        )
                    Defendants.                )

*I HEREBY ATTEST AND CERTIFY ON 6/13/08 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.*

*CLERK, U.S. DISTRICT COURT DISTRICT OF MASSACHUSETTS*

*By:*

### DEFENDANTS' MOTION TO TRANSFER
### TO THE NORTHERN DISTRICT OF CALIFORNIA

### [ORAL ARGUMENT REQUESTED]

Defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles

Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall W.

Merk, and George M. Pereira hereby move for transfer of this action to the Northern District of

California pursuant to 28 U.S.C. 1404(a). In support of this motion, Defendants are filing a

Memorandum of Law In Support of Motion to Transfer to the Northern District of California and

the Declaration of Stuart C. Plunkett in Support of Defendants' Motion to Transfer to the

Northern District of California.

Defendants request oral argument on the grounds that it would assist the Court with the

disposition of the motion.

Respectfully submitted,

Dated: May 16, 2008

/s/ Steven W. Hansen
Steven W. Hansen  (BBO No. 220820)
Frances S. Cohen  (BBO No. 542811)
Bingham McCutchen LLP
Boston, MA  02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8376
steven.hansen@bingham.com
frances.cohen@bingham.com

Darryl P. Rains
Stuart C. Plunkett
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
drains@mofo.com
splunkett@mofo.com

*Attorneys for Defendants The Charles Schwab
Corporation, Charles Schwab & Co., Inc., Charles
Schwab Investment Management, Inc., Charles R.
Schwab, Evelyn S. Dilsaver, Randall W. Merk, and
George M. Pereira.*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

This is to certify that on May 14, 2008, Stuart A. Plunkett, one of the counsel for

Defendants, sought the assent to this motion of David Rosenfeld, one of the counsel for Plaintiff.

On May 15, 2008, Mr. Rosenfeld advised that Plaintiff would not assent to this motion.

/s/ Steven W. Hansen
Steven W. Hansen

2

## CERTIFICATE OF SERVICE

I, Steven W. Hansen, hereby certify that I caused a copy of the foregoing Motion to Transfer to the Northern District of California to be served via e-mail and mail, postage prepaid on May 16, 2007, upon:

David Pastor
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110

and

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

/s/ Steven W. Hansen
Steven W. Hansen

CLOSED

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:08-cv-10626-RGS
## *Internal Use Only*

Coleman v. The Charles Schwab Corporation et al
Assigned to: Judge Richard G. Stearns
related Case: 1:08-cv-10593-RGS
Cause: 15:77 Securities Fraud

Date Filed: 04/11/2008
Date Terminated: 05/27/2008
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

## **Plaintiff**

**Arnita Coleman**
*Individually and On Behalf of All Others*
*Similarly Situated*

represented by **David Pastor**
Gilman and Pastor, LLP
225 Franklin Street
16th Floor
Boston, MA 02110
617-742-9700
Fax: 617-742-9701
Email: dpastor@gilmanpastor.com
*ATTORNEY TO BE NOTICED*

V.

## **Defendant**

**The Charles Schwab Corporation**

represented by **Frances S. Cohen**
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8872
Fax: 617-951-8736
Email: frances.cohen@bingham.com
*ATTORNEY TO BE NOTICED*

**Steven W. Hansen**
Bingham McCutchen LLP - MA
One Federal Street
Boston, MA 02110-1726
617-951-8538
Fax: 617-951-8736
Email: steven.hansen@Bingham.com
*ATTORNEY TO BE NOTICED*

## **Defendant**

**Charles Schwab &Co., Inc.**

represented by **Frances S. Cohen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven W. Hansen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab Investment**          represented by   **Frances S. Cohen**
**Management, Inc.**                                     (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven W. Hansen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles R. Schwab**                   represented by   **Frances S. Cohen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven W. Hansen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Evelyn Dilsaver**                     represented by   **Frances S. Cohen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven W. Hansen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Randall W. Merk**                     represented by   **Frances S. Cohen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven W. Hansen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**George M. Pereira**                   represented by   **Frances S. Cohen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Steven W. Hansen**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Interested Party**

**Mike Labins**

**Notice**

**Schwab YieldPlus Investor Group**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/11/2008 | 1 | 6 | COMPLAINT against all defendants, filed by Arnita Coleman. (Attachments: #1 Plaintiff's Certification, #2 Civil Action Cover Sheet, #3 Category Sheet)(Pastor, David) (Entered: 04/11/2008) |
| 04/11/2008 |  |  | ELECTRONIC NOTICE of Case Assignment. Judge Richard G. Stearns assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler (Edge, Eugenia) (Entered: 04/13/2008) |
| 04/11/2008 | 2 | 28 | Summons Issued as to The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira. Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service. (Edge, Eugenia) (Entered: 04/13/2008) |
| 04/22/2008 |  |  | Filing fee: $ 350.00, receipt number BST003079 for 1 Complaint (Russo, Patricia) (Entered: 04/22/2008) |
| 05/15/2008 | 3 | 30 | NOTICE of Appearance by Frances S. Cohen on behalf of The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira (Cohen, Frances) (Entered: 05/15/2008) |
| 05/15/2008 | 4 | 31 | NOTICE of Appearance by Steven W. Hansen on behalf of The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira (Hansen, Steven) (Entered: 05/15/2008) |
| 05/15/2008 | 5 | 32 | CORPORATE DISCLOSURE STATEMENT by The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira identifying Corporate Parent The Charles Schwab Corporation for Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., The Charles Schwab Corporation.. (Hansen, Steven) (Entered: 05/15/2008) |
| 05/16/2008 | 6 | 34 |  |

| | | | |
|---|---|---|---|
| | | | STIPULATION *and [Proposed] Order* by Arnita Coleman, The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira. (Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 7 | 38 | STIPULATION *and [Proposed] Order* by Arnita Coleman, The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira. (Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 8 | 42 | MOTION to Transfer Case *to the Northern District of California* by The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira.(Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 9 | 45 | MEMORANDUM in Support re 8 MOTION to Transfer Case *to the Northern District of California* filed by The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, George M. Pereira. (Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 10 | 57 | AFFIDAVIT re 9 Memorandum in Support of Motion, *to Transfer* by The Charles Schwab Corporation, Charles Schwab &Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab. (Hansen, Steven) (Entered: 05/16/2008) |
| 05/16/2008 | 11 | 61 | RESPONSE to Motion re 8 MOTION to Transfer Case *to the Northern District of California FIRST–FILED PLAINTIFF MIKE LABINS' JOINDER IN DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA* filed by Mike Labins. (Nalven, David) (Entered: 05/16/2008) |
| 05/17/2008 | 12 | 64 | NOTICE by Schwab YieldPlus Investor Group *Of Filing Motion to Consolidate, For Lead Plaintiff and For Approval of Selection of Lead Counsel* (Nalven, David) (Entered: 05/17/2008) |
| 05/19/2008 | | | Please note: Document number seven replaces document six due to corrections. (Flaherty, Elaine) (Entered: 05/19/2008) |
| 05/21/2008 | | | Judge Richard G. Stearns: Electronic ORDER entered granting 8 Motion to Transfer Case (Flaherty, Elaine) (Entered: 05/21/2008) |
| 05/21/2008 | 14 | 71 | Judge Richard G. Stearns: ORDER entered. STIPULATION AND ORDER(Flaherty, Elaine) (Entered: 05/22/2008) |
| 05/21/2008 | 15 | 75 | Judge Richard G. Stearns: Stipulated ORDER, entered. "Approved."(Flaherty, Elaine) (Entered: 06/06/2008) |

| 05/22/2008 | 13 | 69 | NOTICE of Change of Address or Firm Name by Steven W. Hansen *and Frances S. Cohen* (Hansen, Steven) (Entered: 05/22/2008) |
| 05/27/2008 | | | Civil Case Terminated. (Flaherty, Elaine) (Entered: 05/27/2008) |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARNITA COLEMAN, Individually and On Behalf of All Others Similarly Situated, ) ) ) | **CIVIL ACTION NO.** |
| ) | |
| Plaintiff, ) ) | |
| ) | |
| vs. ) | CLASS ACTION COMPLAINT |
| ) | |
| THE CHARLES SCHWAB CORPORATION, ) CHARLES SCHWAB & CO., INC., CHARLES ) SCHWAB INVESTMENT MANAGEMENT, ) INC., CHARLES R. SCHWAB, EVELYN S. ) DILSAVER, RANDALL W. MERK and GEORGE ) M. PEREIRA, ) ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Arnita Coleman ("Plaintiff"), alleges the following based upon the investigation by Plaintiff's counsel, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Schwab YieldPlus Funds Investors Shares ("Investor Fund") and Schwab YieldPlus Funds Select Shares ("Select Fund") (collectively referred to as "the Funds"), securities analysts' reports and advisories about the defendants, and information readily available on the Internet, and Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a federal class action on behalf of purchasers of shares of Schwab YieldPlus Funds Investor Shares ("Investor Fund") and Schwab YieldPlus Funds Select Shares ("Select Fund") (collectively referred to as "the Funds"), who purchased or otherwise acquired shares between March 17, 2005 and March 17, 2008, seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

2.      The Funds are each a series of Schwab Investments and are Massachusetts business trusts. Each of the Funds uses Schwab as its shareholder services agent, transfer agent and principal underwriter. The Funds were offered to the public beginning on November 15, 2004, and were marketed as ultra-short bond funds that were a higher-yield and safe alternative to money-market funds. Defendants filed substantially similar Registration Statements and Prospectuses for the Funds (collectively referred to as the "Registration Statement"), and issued nearly identical securities to investors.

3.      By the beginning of March 2008, the Net Asset Value ("NAV" or "value") of the Funds had been lowered to less than $8.75. Defendants finally addressed the disturbing plunge in the Funds' share price, attributing the low price to the mortgage-backed and asset-backed securities market. Nonetheless, defendants maintained, as they had throughout the Class Period, that the Funds were "highly diversified."

4.      The value of the Funds' shares continued to decline and closed on March 18, 2008 at $7.88 per share. This represented a cumulative loss of $1.81, or 18.68 percent, of the value of the Funds at the beginning of the Class Period. The value of the Funds continued to fall after March 18, 2008, and as of the date of this Complaint, the Funds' shares are valued at less than $7 per share.

{00017153.DOC ; 1}

2

7

5.      The Complaint alleges that, in connection with the Funds' Registration Statement, defendants failed to disclose or indicate the following: (1) that the Funds' assets were or would be overly-concentrated in the highly risky mortgage industry and that such securities were or would be highly vulnerable to illiquidity; (2) that there existed no primary market for the majority of the bonds; (3) that the duration for a majority of the Funds is over two years; (4) that the values of the Funds' shares were inflated and highly speculative given their composition; (5) that there were not adequate internal controls; and (6) that, as a result of the foregoing, the Funds' Registration Statement was false and misleading at all relevant times.

6.      As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Funds' shares, Plaintiff and other Class Members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

8.      This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v).

9.      Venue is proper in this Judicial District pursuant to Section 22 of the Securities Act.   Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this Judicial District. Additionally, Schwab Investments was organized under Massachusetts law, and the Funds are Massachusetts business Trusts.

10.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

{00017153.DOC ; 1}

3

8

including but not limited to, the United States mails, interstate telephone communications and
the facilities of the national securities exchange.

## PARTIES

11.     Plaintiff, Arnita Coleman, as set forth in the accompanying certification,
incorporated by reference herein, purchased the Funds shares at artificially inflated prices during
the Class Period and has been damaged thereby.

12.     Defendant The Charles Schwab Corporation ("Schwab Corp.") is the parent
company of Schwab and Schwab Investments.

13.     Defendant Charles Schwab & Co. Inc. ("Schwab" or "Underwriter") is the parent
company of Schwab Investments, and was principal underwriter for shares of the Funds.

14.     Defendant    Charles    Schwab    Investment    Management,    Inc.    ("Schwab
Management," "CSIM" or "Investment Advisor") oversees administration and management of
the Funds.

15.     Defendant Charles R. Schwab ("Charles Schwab") was, at all relevant times,
Chairman and Trustee of the Funds and Schwab Investments.

16.     Defendant Evelyn S. Dilsaver ("Dilsaver") was, at relevant times, President and
Chief Executive Officer ("CEO") of the Funds.

17.     Defendant Randall W. Merk ("Merk") was, at relevant times, a Trustee, President
and CEO of the Funds.

18.     Defendant George M. Pereira ("Pereira") was, at relevant times, Chief Financial
Officer ("CFO") and Treasurer of the Funds

19.     Defendants Charles Schwab, Dilsaver, Merk and Pereira are collectively referred
to hereinafter as the "Individual Defendants." The Individual Defendants, because of their

4

positions with respect to the Funds, possessed the power and authority to control the contents of the Funds' quarterly reports, press releases and documents, and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. Each defendant was provided with copies of the Funds' reports and press releases and documents alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, each of these defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and misleading. The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

## SUBSTANTIVE ALLEGATIONS

### Background

20.     Schwab Investments ("Trust" or Registrant") is headquartered at 101 Montgomery Street, San Francisco, California.

21.     The Funds are each a series of Schwab Investments, members of the Schwab Family, and are Massachusetts business Trusts.

22.     Beginning on November 15, 2004, the Defendants began offering shares of the Funds to the public. In connection with this offering, defendants filed Registration Statements with the SEC for the Funds. Each Registration Statement was substantially similar, and throughout the Class Period defendants continued to file substantially similar Registration Statements. Additionally, defendants issued notices, advertisements, circulars, letters or written

{00017153.DOC ; 1}                                    5

10

communications, including by radio, television and/or the internet, all of which formed part of

the Prospectus.

**Materially False and Misleading
Statements Made in the Registration Statement**

23.    Regarding the Funds' objectives and compositions, defendants, through their

website, made the following assertions:

> The Schwab YieldPlus Fund is designed with your income needs
> in mind. *The fund's objective is to seek high current income with
> minimal changes in share price. It's appropriate for clients who
> plan to hold their investment for one year or longer, and who can
> tolerate changes in share price.*
>
> **The YieldPlus Fund offers:**
>
> Monthly Income — *The fund invests in a large, well-diversified
> portfolio of taxable bonds and distributes its income on the last
> day of each month.*
>
> Low Duration — *To minimize changes in share price or NAV,
> the fund seeks to maintain an average portfolio duration of one-
> year or less.* However, in volatile markets, the fund may
> experience a higher degree of NAV fluctuation . . .
>
> Active Portfolio Management — *The fund is actively managed by
> a seasoned team of taxable bond portfolio managers who are
> supported by a team of credit and market analysts.* The team use a
> disciplined approach designed to deliver competitive total returns,
> which has become the foundation of managing Schwab's other
> fixed income funds.
>
> *              *              *
>
> Increased yield potential – *Ultrashort bond funds like the Schwab
> YieldPlus Fund have historically provided higher sustained
> yields versus money market funds, as their short duration helps
> minimize exposure to falling bond prices as rates rise.*   Even
> though the share price may fluctuate minimally, these funds offer
> lower risk than longer-term bond funds and only marginally higher
> risk than money market funds. [Emphasis added.]

24.    On September 15, 2005, the defendants filed a Prospectus Supplement with the

SEC on Form 497. Therein, Defendants, in relevant part, stated:

> *THE SCHWAB YIELDPLUS FUND(R) is an ultra short-term bond fund, designed to offer high current income with minimal changes in share price. The fund invests primarily in investment-grade bonds.* The fund offers the potential for higher yields than a money market fund. However, unlike a money market fund, its share price will fluctuate. *The fund seeks to keep the average duration of its portfolio at one year or less.* [Emphasis added.]

25.    On November 15, 2007, the defendants issued a supplement to the Schwab

Taxable Bond Funds Prospectus.    Therein, defendants, in pertinent part, made the following

assertions about the Funds:

> To pursue its goal, the fund primarily invests in investment-grade municipal securities—those in the four highest credit rating categories (rated AAA to BBB– or the unrated equivalent as determined by the investment adviser). The fund normally invests at least 80% of its net assets in municipal securities the interest from which is exempt from federal income tax, including the federal alternative minimum tax (AMT). The fund does not currently intend to invest in municipal securities whose interest is subject to the AMT. *To help maintain share price stability and preserve investor capital, the fund seeks to maintain an average portfolio duration of one year or less.*
>
> The fund may invest in fixed-, variable- or floating-rate securities from municipal issuers around the country and in U.S. territories and possessions. These may include general obligation issues, which typically are backed by the issuer's ability to levy taxes, and revenue issues, which typically are backed by a stream of revenue from a given source, such as an electric utility or a public water system. The fund may invest more than 25% of its total assets in municipal securities financing similar projects, such as those relating to education, health care, transportation, and utilities.
>
> The fund may also invest in municipal residual interest tender option bonds, which are derivative instruments in municipal bonds. Although volatile, municipal residual interest tender option bonds typically offer the potential for yields exceeding the yields available on comparable fixed-rate municipal bonds. *Many of the fund's securities carry credit enhancements (such as bond insurance) or liquidity enhancements (such as a letter of credit), which are designed to provide incremental levels of creditworthiness or liquidity.*

{00017153.DOC ; 1}                                                7

\*       \*       \*

**Credit risk.** The fund is subject to the risk that a decline in the credit quality of a portfolio investment could cause the fund's share price to fall. ***Although the fund invests primarily in investment-grade securities, the fund could lose money if the issuer or guarantor of a portfolio investment or the counterparty to a derivatives contract fails to make timely principal or interest payments or otherwise honor its obligations.*** Securities rated below investment-grade (junk bonds) involve greater risks of default or downgrade and are more volatile than investment-grade securities. Below investment-grade securities involve greater risk of price declines than investment-grade securities due to actual or perceived changes in an issuer's creditworthiness. In addition, issuers of below investment-grade securities may be more susceptible than other issuers to economic downturns. Such securities are subject to the risk that the issuer may not be able to pay interest or dividends and ultimately to repay principal upon maturity. Discontinuation of these payments could substantially adversely affect the market value of the securities. [Emphasis added.]

26.    The statements contained in ¶¶ 23-25 were materially false and misleading when made because defendants failed to disclose or indicate the following: (1) that the Funds' assets were or would be overly-concentrated in the highly risky mortgage industry and that such securities were or would be highly vulnerable to illiquidity; (2) that there existed no primary market for the majority of the bonds; (3) that the duration for a majority of the Funds is over two years; (4) that the values of the Funds' shares were inflated and highly speculative given their composition; (5) that there were not adequate internal controls; and (6) that, as a result of the foregoing, the Funds' Registration Statement was false and misleading at all relevant times.

## The Truth Begins to Emerge

27.    Beginning in July 2007, Defendants began to slowly but steadily lower the value of the Funds' share price, which caused the NAV of the Funds to substantially decline. By the beginning of March 2008, the value of the Funds had been lowered to less than $8.75.

28.    On March 10, 2008, defendants issued a letter which, in relevant part, stated:

{00017153.DOC ; 1}

8

13

> *Even though YieldPlus is a highly diversified fund, it reflects the*
> *declines we have seen in non-Treasury securities, including*
> *mortgage-backed and asset-backed securities, where reduced*
> *demand has been the primary driver of decreasing valuations.*
> [Emphasis added.]

29.    When the Class Period began on March 17, 2005, the Funds shares were trading at $9.69 per share. By March 18, 2007, the Funds shares had plummeted to $7.88 per share. This represented a cumulative loss of $1.81, or 18.68 percent, of the value of the Funds at the beginning of the Class Period. The value of the Funds continued to fall after March 18, 2008, and as of the date of this complaint, the Funds' shares are valued at less than $7 per share.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the Funds Shares pursuant or traceable to the Registration Statement between March 17, 2005 and March 17, 2008 and who were damaged thereby (the "Class"). Excluded from the Class are defendants, the officers and directors of defendant companies, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

31.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by defendants or their transfer agent, and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32.    Plaintiff's claims are typical of the claims of the members of the Class as all

{00017153.DOC ; 1}

9

14

members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

33.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

34.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

        (a)    whether the federal securities laws were violated by defendants' acts as alleged herein;

        (b)    whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of the Funds; and

        (c)    to what extent the members of the Class have sustained damages and the proper measure of damages.

35.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

10

## UNDISCLOSED ADVERSE FACTS

36.     The market for the Funds' shares was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, the Funds' shares traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired the Funds' shares relying upon the integrity of the market price of the Funds' shares and market information relating to the Funds, and have been damaged thereby.

37.     During the Class Period, defendants materially misled the investing public, thereby inflating the price of the Funds shares, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the defendants, their business and operations, as alleged herein.

38.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about the Funds' financial well-being and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Funds and their financial well-being and operations, thus causing the Funds' shares to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and other members of the

{00017153.DOC ; 1}                            11

16

Class purchasing the Funds' shares at artificially inflated prices, thus causing the damages complained of herein.

## LOSS CAUSATION

39.    Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

40.    During the Class Period, Plaintiff and the Class purchased the Funds' shares at artificially inflated prices and were damaged thereby.    The price of the Funds' shares significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

### Applicability of Presumption of Reliance:
### Fraud On The Market Doctrine

41.    At all relevant times, the market for the Funds' shares was an efficient market for the following reasons, among others:

(a)    The Funds' shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)    As a regulated issuer, defendants filed periodic public reports with the SEC and the NASDAQ;

(c)    Defendants regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

{00017153.DOC ; 1}

12

(d)    The Funds followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

42.    As a result of the foregoing, the market for the Funds' shares promptly digested current information regarding the Funds' shares from all publicly-available sources and reflected such information in the Funds' share price. Under these circumstances, all purchasers of the Funds' shares during the Class Period suffered similar injury through their purchase of the Funds' shares at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

43.    The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements, because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of the Funds who knew that those statements were false when made.

{00017153.DOC ; 1}                    13

18

## FIRST CLAIM
## Violation of Section 11 of
## The Securities Act Against All Defendants

44.     Plaintiff repeats and realleges each and every allegation contained above as if
fully set forth herein only to the extent, however, that such allegations do not allege fraud,
scienter or the intent of the defendants to defraud Plaintiff or members of the Class. This count
is predicated upon defendants' strict liability for making false and materially misleading
statements in the Registration Statement.

45.     This claim is asserted by Plaintiff against all defendants by, and on behalf of,
persons who acquired shares of the Funds' shares pursuant to or traceable to the false
Registration Statement issued in connection with the Funds

46.     Individual Defendants as signatories of the Registration Statement, as directors
and/or officers of the Funds and controlling persons of the issuer, owed to the holders of the
Funds' shares obtained through the Registration Statement the duty to make a reasonable and
diligent investigation of the statements contained in the Registration Statement at the time they
became effective to ensure that such statements were true and correct, and that there was no
omission of material facts required to be stated in order to make the statements contained therein
not misleading. Defendants knew, or in the exercise of reasonable care should have known, of
the material misstatements and omissions contained in or omitted from the Registration
Statement as set forth herein. As such, defendants are liable to the Class.

47.     None of the defendants made a reasonable investigation or possessed reasonable
grounds for the belief that the statements contained in the Registration Statement were true or
that there was no omission of material facts necessary to make the statements made therein not
misleading.

{00017153.DOC ; 1}                                  14

19

48.     Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public which were contained in the Registration Statement, which misrepresented or failed to disclose, *inter alia*, the facts set forth above. By reason of the conduct herein alleged, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

49.     As a direct and proximate result of defendants' acts and omissions in violation of the Securities Act, the market price of the Funds' shares sold in the IPO was artificially inflated, and Plaintiff and the Class suffered substantial damage in connection with their ownership of the Funds' shares pursuant to the Registration Statement.

50.     Defendants are the issuer of the stock sold via the Registration Statement. As issuer of the Funds' shares, the defendants are strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

51.     At the times they obtained their shares of the Funds, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements or omissions alleged herein.

52.     This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement which should have been made through the exercise of reasonable diligence, and within three years of the effective date of the Prospectus.

53.     By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under Section 11 as measured by the provisions of Section 11(e), from the defendants and each of them, jointly and severally.

{00017153.DOC ; 1}                                    15                                                    20

## SECOND CLAIM
### Violation of Section 12(a)(2) of
### The Securities Act Against All Defendants

54.     Plaintiff repeats and realleges each and every allegation contained above as if
fully set forth herein.

55.     This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf
of the Class, against all defendants.

56.     Defendants were sellers, offerors, and/or solicitors of purchasers of the Funds'
shares offered pursuant to the Registration Statement.

57.     The Registration Statement contained untrue statements of material facts, omitted
to state other facts necessary to make the statements made not misleading, and concealed and
failed to disclose material facts. The Individual Defendants' actions of solicitation included
participating in the preparation of the false the misleading Registration Statement.

58.     Defendants owed to the purchasers of the Funds' shares, including Plaintiff and
other members of the Class, the duty to make a reasonable and diligent investigation of the
statements contained in the IPO materials, including the Registration Statement, to ensure that
such statements were true and that there was no omission to state a material fact required to be
stated in order to make the statements contained therein not misleading. Defendants knew of, or
in the exercise of reasonable care should have known of, the misstatements and omissions
contained in the IPO materials as set forth above.

59.     Plaintiff and other members of the Class purchased or otherwise acquired the
Funds shares pursuant to and/or traceable to the defective Registration Statement. Plaintiff did
not know, or in the exercise of reasonable diligence could not have known, of the untruths and
omissions contained in the Registration Statement.

{00017153.DOC ; 1}                                                    16

21

60.     Plaintiff, individually and representatively, hereby offer to tender to defendants those Funds' shares which Plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such shares, in return for the consideration paid for those shares together with interest thereon. Class members who have sold their shares of the Fund are entitled to rescissory damages.

61.     By reason of the conduct alleged herein, these defendants violated, and/or controlled a person who violated Section 12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold the Funds' shares purchased pursuant to the Registration Statement have the right to rescind and recover the consideration paid for their shares, and hereby elect to rescind and tender their shares to the defendants sued herein. Plaintiff and Class members who have sold their shares are entitled to rescissory damages.

62.     This action is brought within three years from the time that the Funds' shares upon which this Count is brought was sold to the public, and within one year from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this Count is based.

## THIRD CLAIM
## Violation of Section 15 of The Securities Act
## Against the Individual Defendants

63.     Plaintiff repeats and realleges each and every allegation contained above, excluding all allegations above that contain facts necessary to prove any elements not required to state a Section 15 claim, including without limitation, scienter.

64.     This count is asserted against Individual Defendants and is based upon Section 15 of the Securities Act.

65.     Individual Defendants, by virtue of their offices, directorship and specific acts

{00017153.DOC ; 1}

17

22

were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of the Funds within the meaning of Section 15 of the Securities Act. The Individual Defendants had the power and influence and exercised the same to cause defendants to engage in the acts described herein.

66.     Individual Defendants' position made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

67.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: April 11, 2008                    Respectfully submitted,

                                         **GILMAN & PASTOR, LLP**


                                         By:    /s/ David Pastor
                                         David Pastor (BBO #391000)
                                         Daniel D'Angelo (BBO #630321)
                                         225 Franklin Street, 16th Floor
                                         Boston, Massachusetts 02110
                                         Tel: 617-742-9700
                                         Fax: 617-742-9701


                                         **SCHIFFRIN BARROWAY
                                         TOPAZ & KESSLER, LLP**
                                         Richard A. Maniskas
                                         rmaniskas@sbtklaw.com
                                         D. Seamus Kaskela
                                         skaskela@sbtklaw.com
                                         David M. Promisloff
                                         dpromisloff@sbtklaw.com
                                         280 King of Prussia Road
                                         Radnor, PA 19087
                                         (610) 667-7706
                                         (610) 667-7056 (fax)

                                         **Attorneys for Plaintiff**

19                                    24

## CERTIFICATION

I, Arnita Coleman ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the Complaint, and authorizes it's filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's purchase and sale transaction(s) in the Schwab YieldPlus Funds. (Nasdaq: SWYPX) security that is the subject of this action during the Class Period is/are as follows:

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price per share |
|---|---|---|---|---|---|
| Mutual Fund | 317.617 | (B) | | 7/5/06 | $9.65 |
| Mutual Fund | 223.287 | | (S) | 1/3/07 | $9.65 |
| Mutual Fund | 367.174 | (B) | | 7/26/07 | $9.66 |
| Mutual Fund | 355.631 | | (S) | 1/4/08 | $9.05 |
| | | | | | |

(Please list additional purchase and sale information on a separate sheet of paper, if necessary)

5.    Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.    During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below: _____.

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2008

ARNITA COLEMAN

25

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Arnita Coleman

## DEFENDANTS

The Charles Schwab Corp., et al.

**(b)** County of Residence of First Listed Plaintiff  New Castle Cty, Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 617-742-9700
David Pastor, Gilman and Pastor, LLP
225 Franklin St., 16th FL, Boston MA 02110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC §§ 77K, 77l(a)(2) and 77o

Brief description of cause:
Violations of Sections 11, 12(a)(2) and 15 of the Securities Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE Richard G. Stearns    DOCKET NUMBER 08-10593

DATE
4-11-08

SIGNATURE OF ATTORNEY OF RECORD
/s/ David Pastor

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

26

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) <u>Arnita Coleman v. The Charles Schwab</u> Corp., et al

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

☐   V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    <u>Bohl v. The Charles Schwab Corp., et cl., C.A. No. 08-10593</u>

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                            YES ☐   NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                            YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                            YES ☐   NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                            YES ☐   NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                            YES ☒   NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒      Central Division ☐      Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐      Central Division ☐      Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                            YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME <u>David Pastor, Gilman and Pastor LLP</u>

ADDRESS <u>225 Franklin Street, 16th Floor, Boston MA 02110</u>

TELEPHONE NO. <u>617-742-9700</u>

(Coversheetlocal.wpd - 10/17/02)

27

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**ARNITA COLEMAN,**

V.                              **SUMMONS IN A CIVIL CASE**

**THE CHARLES SCHWAB CORPORATION, ET AL.,**

CASE NUMBER: **1:08−CV−10626−RGS**

TO:(Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on

an answer to the complaint which is served on you with this summons, within 20 days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint. Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.

**SARAH ALLISON THORNTON**

CLERK

**/s/ − Eugenia Edge**

(By) DEPUTY CLERK

**ISSUED ON 2008−04−13 11:09:24.0**, Clerk
USDC DMA

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify) : _____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  _____        _____
　　　　　　　　　　　Date　　　　　　　　　　*Signature of Server*

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　*Address of Server*

29

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARNITA COLEMAN, Individually and On Behalf of and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **C.A. NO. 1:08-CV-10626-RGS** |
| THE CHARLES SCHWAB CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) ) |

**NOTICE OF APPEARANCE OF FRANCES S. COHEN**
**AS COUNSEL FOR DEFENDANT**
**THE CHARLES SCHWAB CORPORATION, et al**

Please enter the Appearance of Frances S. Cohen, of Bingham McCutchen LLP,

as counsel for the Defendant in the above-captioned matter.

Dated: May 15, 2008

/s/ Frances S. Cohen
Frances S. Cohen (BBO No. 542811)
Bingham McCutchen LLP
Boston, MA 02110
Telephone 617 951 8000
Fax 617 951 8376
frances.cohen@bingham.com

*Attorneys for Defendants The Charles*
*Schwab Corp., Charles Schwab & Co., Inc.,*
*Charles Schwab Investment Management,*
*Inc., Schwab Investments, The Schwab*
*YieldPlus Fund, Charles R. Schwab,*
*Gregory Hand and Evelyn Dilsaver*

A/72537669.1

30

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ARNITA COLEMAN, Individually and On       )
Behalf of and All Others Similarly Situated,   )
                                          )
                   Plaintiff,             )
                                          )
          vs.                             )          **C.A. NO. 1:08-CV-10626-RGS**
                                          )
THE CHARLES SCHWAB CORPORATION,           )
et al.,                                   )
                                          )
                   Defendants.            )
                                          )
_____  )

### NOTICE OF APPEARANCE OF STEVEN W. HANSEN
### AS COUNSEL FOR DEFENDANT
### THE CHARLES SCHWAB CORPORATION, et al

Please enter the Appearance of Steven W. Hansen, of Bingham McCutchen LLP,

as counsel for the Defendant in the above-captioned matter.

Dated: May 15, 2008                   /s/ Steven W. Hansen
                                      Steven W. Hansen (BBO No. 220820)
                                      Bingham McCutchen LLP
                                      Boston, MA 02110
                                      Telephone 617 951 8000
                                      Fax 617 951 8376
                                      steven.hansen@bingham.com

                                      *Attorneys for Defendants The Charles*
                                      *Schwab Corp., Charles Schwab & Co., Inc.,*
                                      *Charles Schwab Investment Management,*
                                      *Inc., Schwab Investments, The Schwab*
                                      *YieldPlus Fund, Charles R. Schwab,*
                                      *Gregory Hand and Evelyn Dilsaver*

A/72537662.1

31

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARNITA COLEMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN S. DILSAVER, RANDALL W. MERK and GEORGE M. PEREIRA,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**1:08–CV–10626–RGS**<br><br><br>**RULE 7.1 DISCLOSURE**<br>**STATEMENT** |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned counsel to

defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., and Charles Schwab

Investment Management, Inc., state as follows:

1.    The Charles Schwab Corporation is the parent corporation of Charles Schwab &

Co. Inc., and Charles Schwab Investment Management, Inc..

2.    The Charles Schwab Corporation is a publicly traded company.  No publicly held

corporation owns 10% or more of the stock of The Charles Schwab Corporation.

Dated:  May 15, 2008            MORRISON & FOERSTER LLP


By: /s/Steven W. Hansen
      Steven W. Hansen    (BBO No. 220820)
      Frances S. Cohen    (BBO No. 542811)
      Bingham McCutchen LLP
      Boston, MA  02110
      Telephone: (617) 951-8000
      Facsimile: (617) 951-8376
      steven.hansen@bingham.com
      frances.cohen@bingham.com

      Darryl P. Rains
      Stuart C. Plunkett
      Morrison & Foerster LLP
      425 Market Street
      San Francisco, CA  94105
      Telephone:  (415) 268-7000
      Facsimile:  (415) 268-7522
      drains@mofo.com
      splunkett@mofo.com

      Attorneys for Defendants

      The Charles Schwab Corporation, Charles
      Schwab & Co. Inc., Charles Schwab Investment
      Management, Inc., Charles R. Schwab, Evelyn S.
      Dilsaver, Randall W. Merk, and George M.
      Pereira.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ARNITA COLEMAN, Individually and on )
Behalf of All Others Similarly Situated, )
                                            )
               Plaintiff, )
                                            )

vs.                                   )        **C.A. NO. 1:08-CV-10626-RGS**

THE CHARLES SCHWAB CORPORATION, )
et al.,                                )
                                            )
               Defendants. )
                                            )

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, Plaintiff commenced this Action by filing a complaint dated April 11, 2008

(the "Complaint");

WHEREAS, the Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the

Securities Act of 1933 (the "Securities Act") on behalf of a purported class;

WHEREAS, pursuant to Section 27 of the Securities Act, a Lead Plaintiff must be

appointed;

WHEREAS, seven other actions have been filed since March 18, 2008, involving

identical claims and substantially overlapping parties and those actions are pending in the United

States District Courts for the District of Massachusetts, the Northern District of California, and

the Southern District of New York; and

WHEREAS, defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc.,

Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall

W. Merk, and George M. Pereira have agreed to accept service of process; and

34

WHEREAS, the parties have agreed to a schedule that extends these defendants' time to respond to the complaint until after a lead plaintiff has been appointed.

IT IS HEREBY STIPULATED AND AGREED among the undersigned parties as follows:

1.    Without waiving any rights, defenses or other objections, counsel for defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall W. Merk, and George M. Pereira accept service of the Complaint on behalf of each of the these defendants; and

2.    Defendants shall not be required to answer or otherwise respond to the Complaint;

3.    Pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(3)(A)(i)(II)), motions for appointment as lead plaintiff are to be filed by May 16, 2008;

4.    The Lead Plaintiff shall file and serve a consolidated amended complaint or designate a previously-filed complaint as the operative complaint (the "Operative Complaint") no later than 45 days after an order appointing it is entered by the Court;

5.    Defendants shall file and serve an answer, motion to dismiss or other response to the Operative Complaint no later than 45 days after the Operative Complaint is served;

6.    If Defendants respond to the Operative Complaint by motion to dismiss, Lead Plaintiff shall file its opposition papers no later than 45 days after the motion is served;

7.    Defendants shall file their reply papers no later than 30 days after Lead Plaintiff's opposition papers are served.

2

35

Respectfully submitted,

Dated: May 16, 2008

/s/ David Pastor
David Pastor (BBO #391000)
Daniel D'Angelo (BBO #630321)
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
dpastor@gilmanpastor.com
ddangelo@gilmanpastor.com

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
rmaniskas@stbklaw.com
skaskela@sbtklaw.com
dpromisloff@sbtklaw.com

*Attorneys for Plaintiff*

Dated: May 16, 2008

/s/ Steven W. Hansen
Steven W. Hansen (BBO No. 220820)
Frances S. Cohen (BBO No. 542811)
Bingham McCutchen LLP
Boston, MA 02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8376
steven.hansen@bingham.com
frances.cohen@bingham.com

3

36

Darryl P. Rains
Stuart C. Plunkett
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
drains@mofo.com
splunkett@mofo.com

*Attorneys for Defendants The Charles Schwab
Corporation, Charles Schwab & Co., Inc., Charles
Schwab Investment Management, Inc., Charles R.
Schwab, Evelyn S. Dilsaver, Randall W. Merk, and
George M. Pereira.*

SO ORDERED

Dated: _____

_____
Honorable Richard G. Stearns
United States District Judge

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ARNITA COLEMAN, Individually and on )
Behalf of All Others Similarly Situated, )
                                 )
           Plaintiff, )
                                 )
vs.                             )     **C.A. NO. 1:08-CV-10626-RGS**
                                 )
THE CHARLES SCHWAB CORPORATION, )
et al.,                            )
                                 )
           Defendants. )
                                 )

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, Plaintiff commenced this Action by filing a complaint dated April 11, 2008
(the "Complaint");

WHEREAS, the Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the
Securities Act of 1933 (the "Securities Act") on behalf of a purported class;

WHEREAS, pursuant to Section 27 of the Securities Act, a Lead Plaintiff must be
appointed;

WHEREAS, seven other actions have been filed since March 18, 2008, involving
identical claims and substantially overlapping parties and those actions are pending in the United
States District Courts for the District of Massachusetts, the Northern District of California, and
the Southern District of New York; and

WHEREAS, defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc.,
Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall
W. Merk, and George M. Pereira have agreed to accept service of process; and

WHEREAS, the parties have agreed to a schedule that extends these defendants' time to respond to the complaint until after a lead plaintiff has been appointed.

IT IS HEREBY STIPULATED AND AGREED among the undersigned parties as follows:

1.      Without waiving any rights, defenses or other objections, counsel for defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall W. Merk, and George M. Pereira accept service of the Complaint on behalf of each of the these defendants; and

2.      Defendants shall not be required to answer or otherwise respond to the Complaint;

3.      Pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(3)(A)(i)(II)), motions for appointment as lead plaintiff are to be filed by May 19, 2008;

4.      The Lead Plaintiff shall file and serve a consolidated amended complaint or designate a previously-filed complaint as the operative complaint (the "Operative Complaint") no later than 45 days after an order appointing it is entered by the Court;

5.      Defendants shall file and serve an answer, motion to dismiss or other response to the Operative Complaint no later than 45 days after the Operative Complaint is served;

6.      If Defendants respond to the Operative Complaint by motion to dismiss, Lead Plaintiff shall file its opposition papers no later than 45 days after the motion is served;

7.      Defendants shall file their reply papers no later than 30 days after Lead Plaintiff's opposition papers are served.

2

Respectfully submitted,

Dated:  May 16, 2008                         /s/ David Pastor
                                             David Pastor (BBO #391000)
                                             Daniel D'Angelo (BBO #630321)
                                             Gilman & Pastor, LLP
                                             225 Franklin Street, 16th Floor
                                             Boston, MA 02110
                                             Telephone: (617) 742-9700
                                             Facsimile: (617) 742-9701
                                             dpastor@gilmanpastor.com
                                             ddangelo@gilmanpastor.com

                                             Richard A. Maniskas
                                             D. Seamus Kaskela
                                             David M. Promisloff
                                             Schiffrin Barroway Topaz & Kessler, LLP
                                             280 King of Prussia Road
                                             Radnor, PA  19087
                                             Telephone: (610) 667-7706
                                             Facsimile: (610) 667-7056
                                             rmaniskas@stbklaw.com
                                             skaskela@sbtklaw.com
                                             dpromisloff@sbtklaw.com

                                             *Attorneys for Plaintiff*

Dated:  May 16, 2008                         /s/ Steven W. Hansen
                                             Steven W. Hansen  (BBO No. 220820)
                                             Frances S. Cohen  (BBO No. 542811)
                                             Bingham McCutchen LLP
                                             Boston, MA  02110
                                             Telephone: (617) 951-8000
                                             Facsimile: (617) 951-8376
                                             steven.hansen@bingham.com
                                             frances.cohen@bingham.com

                                                                                        40

A/72539432.1

Darryl P. Rains
Stuart C. Plunkett
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
drains@mofo.com
splunkett@mofo.com

*Attorneys for Defendants The Charles Schwab
Corporation, Charles Schwab & Co., Inc., Charles
Schwab Investment Management, Inc., Charles R.
Schwab, Evelyn S. Dilsaver, Randall W. Merk, and
George M. Pereira.*

SO ORDERED

Dated: _____

_____
Honorable Richard G. Stearns
United States District Judge

A/72539432.1                                    4                                    41

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARNITA COLEMAN, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE M. PEREIRA, )<br><br>Defendants. ) | **C.A. NO. 1:08–CV–10626–RGS** |

## DEFENDANTS' MOTION TO TRANSFER
## TO THE NORTHERN DISTRICT OF CALIFORNIA

### [ORAL ARGUMENT REQUESTED]

Defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall W. Merk, and George M. Pereira hereby move for transfer of this action to the Northern District of California pursuant to 28 U.S.C. 1404(a). In support of this motion, Defendants are filing a Memorandum of Law In Support of Motion to Transfer to the Northern District of California and the Declaration of Stuart C. Plunkett in Support of Defendants' Motion to Transfer to the Northern District of California.

Defendants request oral argument on the grounds that it would assist the Court with the disposition of the motion.

Respectfully submitted,

Dated: May 16, 2008

/s/ Steven W. Hansen
Steven W. Hansen  (BBO No. 220820)
Frances S. Cohen  (BBO No. 542811)
Bingham McCutchen LLP
Boston, MA  02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8376
steven.hansen@bingham.com
frances.cohen@bingham.com

Darryl P. Rains
Stuart C. Plunkett
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
drains@mofo.com
splunkett@mofo.com

*Attorneys for Defendants The Charles Schwab
Corporation, Charles Schwab & Co., Inc., Charles
Schwab Investment Management, Inc., Charles R.
Schwab, Evelyn S. Dilsaver, Randall W. Merk, and
George M. Pereira.*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

This is to certify that on May 14, 2008, Stuart A. Plunkett, one of the counsel for

Defendants, requested the assent of David Pastor, one of the counsel for Plaintiff, to this motion

and Mr. Pastor advised that Plaintiff would not assent to this Motion.

/s/ Steven W. Hansen
Steven W. Hansen

2

43

## CERTIFICATE OF SERVICE

I, Steven W. Hansen, hereby certify that I caused a copy of the foregoing Motion to Transfer to the Northern District of California to be served via e-mail and mail, postage prepaid on May 16, 2007, upon:

David Pastor
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110

and

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

/s/ Steven W. Hansen
Steven W. Hansen

3

44

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARNITA COLEMAN, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | **C.A. NO. 1:08–CV–10626–RGS** |
| vs. ) ) | |
| THE CHARLES SCHWAB CORPORATION, ) CHARLES SCHWAB & CO. INC., CHARLES ) SCHWAB INVESTMENT MANAGEMENT, ) INC., CHARLES R. SCHWAB, EVELYN ) DILSAVER, RANDALL W. MERK and ) GEORGE M. PEREIRA, ) ) | |
| Defendants. ) ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO**
**TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles

Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall W.

Merk, and George M. Pereira submit this Memorandum of Law in Support of its Motion to

Transfer to the Northern District of California pursuant to 28 U.S.C § 1404(a).

## INTRODUCTION

This securities class action should not have been filed in this district. This district is

tremendously inconvenient for the defendants and witnesses. It bears no relation to the

underlying events alleged in the complaint. And it conflicts with five other nearly-identical

cases now pending in San Francisco.

This case instead belongs in the Northern District of California. The corporate

defendants — The Charles Schwab Corporation, Charles Schwab & Co., Inc., and Charles

Schwab Investment Management, Inc. — are headquartered there. All of the individual

defendants reside in or near San Francisco. Virtually all of the key non-party witnesses reside in

or near San Francisco, and so are subject to that court's subpoena power. The majority of

defendants' documentary evidence is also located in San Francisco. And although Schwab

Investments (which is not a defendant, but is mentioned in the complaint) is registered under

Massachusetts law, it has no employees or operations in Massachusetts and is managed and

governed entirely from Schwab's headquarters in San Francisco.

That is not all. The Northern District of California also has the greatest interest in

adjudicating the claims alleged in this action. Plaintiff's complaint asserts that a nationwide

class of investors in the Schwab YieldPlus Fund was misled by statements allegedly contained in

2

46

the fund's registration statements and prospectuses. The fund, of course, was managed out of

Schwab's offices in San Francisco, and its prospectuses and registration statement were all

prepared there. Moreover, five other class actions alleging the same facts and claims —

including the first-filed one — are pending in the Northern District of California and have been

related before a single judge.

On these facts, plaintiff's choice of forum is not entitled to deference. The plaintiff

herself does not live in Massachusetts — she is from Delaware. She purports to represent a class

of investors residing, not just in Massachusetts, but all across the country. The plaintiff's only

apparent contact with Massachusetts is through her counsel, who can and does litigate cases

across the country.

For the convenience of the parties and witnesses, and in the interests of justice, this action

should be transferred to the Northern District of California.

## FACTUAL BACKGROUND

The Parties. The plaintiff in this action — Arnita Coleman — resides in Delaware.

(Plunkett Decl. ¶ 6.) She does not claim to have any connection to Massachusetts other than

through her counsel. (See Compl. ¶¶ 7-11.) She seeks to represent a class of investors who

purchased shares of the Schwab YieldPlus Fund (id. ¶ 1), an ultra-short bond mutual fund.

Members of the putative class live all over the United States. (Plunkett Decl. ¶ 7.)

The corporate defendants are The Charles Schwab Corporation, its broker-dealer

subsidiary — Charles Schwab & Co., Inc. — and Charles Schwab Investment Management, Inc.,

which is the investment advisor to the fund. (See Compl. ¶¶ 12-14.) All are headquartered in

San Francisco. (Plunkett Decl. ¶ 9.)

3

47

The complaint names four individual defendants — Charles R. Schwab, Evelyn S. Dilsaver, Randall W. Merk, and George M. Pereira. All are present or former officers or trustees of the fund. *(See* Compl. ¶¶ 15-18.) All reside in or near San Francisco. (Plunkett Decl. ¶ 8.)

The Non-Party Witnesses. Many present and former Schwab employees are, or have been, involved in the management of the fund at some point during the proposed class period. These potential non-party witnesses — managers, analysts, compliance personnel, and other personnel involved in drafting the fund's prospectuses and registrations statements — are, almost without exception, located in or around San Francisco, and thus are subject to the subpoena power of the Northern District of California. (Plunkett Decl. ¶ 13.)

The Documents. The majority of the defendants' documents are located at Schwab's headquarters in San Francisco or with the individual defendants (also in or around San Francisco, other than one in Texas). *(Id.* ¶ 14.) To the extent the plaintiff has relevant documents in her possession, those documents likely are at her home in Delaware.

The Other Class Actions. Eight class actions alleging the same facts and claims have been filed relating to Schwab's YieldPlus Fund. *(Id.* ¶ 2.) Five of them — including the first-filed action — were filed in the Northern District of California. *(Id.* ¶ 3.) Those actions have now been related before a single judge. *(Id.)* The other two actions were filed in this Court and in the Southern District of New York. *(Id.* ¶¶ 4-5.) Defendants have filed a motion to transfer the Southern District of New York action to California and will be filing a motion to transfer the other action in this Court to California. *(Id.)*

## ARGUMENT

Section 1404(a) says a case may be transferred to another venue if (1) venue would be proper in the proposed new court, (2) the transfer would serve "the convenience of parties and witnesses," and (3) a transfer would promote "the interests of justice." 28 U.S.C. § 1404(a).

48

Courts have broad discretion to transfer based on these factors. *Costelloe v. Exxon*

*Enter.*, 1980 U.S. Dist. LEXIS 10650, *1 (D. Mass. Apr. 4, 1980). In exercising its discretion, a

court should consider the convenience of the parties and witnesses, the location of relevant

documents, the availability of process to compel the attendance of non-party witnesses, the

interests of justice and trial efficiency including the possibility of consolidation with earlier-filed

actions, and the plaintiff's choice of forum. *See, e.g., Cianbro Corp. v. Curran-Lavoie, Inc.*, 814

F.2d 7, 11 (1st Cir. 1987); *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 20 (D. Mass. 1991).

All these factors indicate that this case should be transferred to the Northern District of

California. Venue is proper there.[1] San Francisco is more convenient for the parties and

witnesses. The court there has power to subpoena the likely non-party witnesses. The majority

of defendants' documents are there. And justice and judicial economy will be served because the

alleged events occurred there and five cases alleging the same facts and claims are already on file

there.

The other factor — plaintiff's choice of forum — is, on these facts, not entitled to

deference. Plaintiff does not live in Massachusetts and seeks to represent a nationwide class of

investors. The convenience of plaintiff's counsel is not entitled to consideration in a nationwide

class action of this sort and cannot outweigh all the other factors supporting a transfer.[2]

---

[1] Venue is proper in any district where (1) the defendant is found, resides, or transacts business, or (2) any act or transaction constituting the alleged violation occurred. *See* 15 U.S.C. § 78aa; 15 U.S.C. § 77v(a). Here, all of the defendants are located in California, and the acts alleged in the complaint occurred in California.

[2] The convenience of counsel carries little, if any, significance. *See Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) ("No case articulates that the convenience of counsel is a consideration in deciding a motion to transfer pursuant to § 1404(a)."); *S-G Securities, Inc. v. Fuqua Investment Company*, 466 F. Supp. 1114, 1122 (D. Mass. 1978) (location of parties' counsel accorded little if any weight).

5

## I.    THE CONVENIENCE OF THE PARTIES AND WITNESSES, AND THE POWER TO SUBPOENA NON-PARTY WITNESSES, FAVOR TRANSFER

The convenience of party and non-party witnesses is an extremely important, if not the most important, factor to be analyzed in determining whether to change a litigation's venue. *McEvily v. Sunbeam-Oster Co.*, 878 F. Supp. 337, 344-45 (D.R.I. 1994) ("The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a)."); *Princess House*, 136 F.R.D. at 18 ("[c]onvenience of the expected witnesses is 'probably the most important factor, and the factor most frequently mentioned'" (*quoting Brant Point Corp. v. Poetzsch*, 671 F. Supp. 2, 4 (D. Mass. 1987))).

The Northern District of California is easily the most convenient forum for the parties. All of the individual defendants reside in or near San Francisco, where they have active professional lives and family commitments. Because the plaintiff has brought several causes of action against numerous defendants on the basis of multiple challenged statements, it is likely that the trial of this action will last several weeks. The defendants should not, without compelling reason, be forced to defend themselves away from their families and jobs for such a long period of time. *See, e.g.*, *Malekniaz v. New York Univ.*, 2006 U.S. Dist. LEXIS 61664, at *7 (D. Mass. July 25, 2006) (report and recommendation), adopted 2006 U.S. Dist. LEXIS 61958 (Aug. 30, 2006) (transferring case where virtually all of the prospective party witnesses were defendants' employees living in the transferee district ); *see also Levine v. Fin. Programs, Inc.*, 318 F. Supp. 952, 954 (S.D.N.Y. 1969) (litigation in distant forum would "greatly inconvenience[]" individual defendants and "force [them] to be absent from their required tasks and families . . .").

The Northern District of California is also the most convenient forum for non-party witnesses. Many current and former Schwab employees were and are involved in managing the

6

50

YieldPlus Fund. Virtually all of those employees live and work in and around San Francisco.
Courts recognize that, in securities class actions, "the greatest sources of evidence must be the
defendants and their employees." *Dutchen* v. *Ecological Sci. Corp.,* 54 F.R.D. 493, 496
(S.D.N.Y. 1971). Transfer is thus routinely granted where the company and its officers and
employees are located in another district. *See Brant Point Corp. v. Poetzsch*, 671 F. Supp. 2, 4
(D. Mass. 1987) (out-of-state location of the defendant's witnesses "militates decidedly in favor
of transfer"); *Employers Ins. Of Wausau v. Commercial Union Ins. Co.*, 735 F. Supp. 1103, 1104
(D. Mass. 1990) (same).

These non-party witnesses are largely subject to process in the Northern District of
California, which means they could be compelled to attend and testify in person at trial. When
more potential witnesses are within the subpoena power of the proposed transferee venue than
the transferor venue, the availability of compulsory process weighs in favor of transfer. *See
Malekniaz*, 2006 U.S. Dist. LEXIS 61664, at *6 (inability "to compel any of the non-party
witnesses to attend a trial in Massachusetts" is factor favoring transfer); *Princess House,* 136
F.R.D. at 20 ("the court should also consider whether the witnesses can be compelled to testify in
either the transferor or the transferee district"); *Brant Point*, 671 F. Supp. at 4 ("in deciding
whether the convenience of the witnesses justifies transfer under § 1404(a), the court also should
consider whether the potential witnesses can be compelled to testify in either the transferor or
transferee district").[3]

---

[3] If forced to proceed in a jurisdiction where witnesses are beyond the subpoena power of
the court, defendants would be forced to rely on taped depositions in lieu of live testimony at
trial, impairing their ability to present their defense. *See Brant Point*, 671 F. Supp. at 4 (granting
motion to transfer where a trial in Massachusetts consisting "substantially of the reading of
deposition transcripts" would be an unacceptable result "when the action can be transferred to a
district where attendance can be compelled and live testimony can be presented"); *Princess*
(Footnote continues on next page.)

7

Securities class actions frequently require large productions of documents, and the location of those documents is an important convenience factor. *See Data Gen. Com. v. Southwest Research Inst.*, 695 F. Supp. 1349, 1349-50 (D. Mass. 1988) (granting transfer motion when many documents were "located at the defendant's facility in Texas"); *Transamerica Com. v. Trans-American Leasing Com.*, 670 F. Supp. 1089, 1093 (D. Mass. 1987) (location of corporate headquarters, formal corporate books, and company documents supported transfer to a "much more convenient" forum). Schwab maintains its records and electronic data in San Francisco at its corporate headquarters. Thus, the majority of defendants' documents are located in the Northern District of California.

Indeed, the only apparent contact with this jurisdiction is that Schwab Investments, which is not named as a defendant, "was organized under Massachusetts law." (Compl. ¶ 9.)[4] But that fact makes little difference under section 1404(a) because of the unique nature of mutual funds. While Schwab Investments is organized under Massachusetts law, neither it nor the fund has any operations, employees, or assets in Massachusetts. The trust and the fund are managed from Schwab's San Francisco headquarters, where their officers, almost all their trustees, and the majority of defendants' documents are all located. (Plunkett Decl. ¶ 12; Compl. ¶ 20.)

The convenience of the parties and witnesses, the availability of process to compel non-party witnesses' attendance at trial, and the location of relevant documents, all favor transfer to the Northern District of California.

---

(Footnote continued from previous page.)

*House*, 136 F.R.D. at 20 ("It is well settled that a court should procure live testimony of material non-party witnesses at trial rather than being forced to rely upon deposition evidence.").

[4] The complaint also alleges that the Funds are Massachusetts business trusts. (Compl. ¶¶ 9, 21.) That is not correct. (Plunkett Decl. ¶ 11.)

8

## II.    THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY SUPPORT A TRANSFER

The interests of justice and judicial economy also favor transfer to the Northern District of California. The acts and representations alleged in plaintiff's complaint largely occurred in San Francisco, where the YieldPlus Fund is managed. Thus, the Northern District of California has the greatest interest in adjudicating plaintiff's claims.

Judicial efficiency also would be enhanced, because related litigation is already pending in the Northern District of California. "As the Court of Appeals for the First Circuit has noted, where consolidation of two pending cases is possible, the possibilities of duplicative litigation and a waste of judicial resources weigh in favor of transferring a concurrent action to the court in which the other action was first filed." *Schouman v. Schouman*, 1996 U.S. Dist. LEXIS 20043 (D. Mass. Dec. 10, 1996); *see also Princess House*, 136 F.R.D. at 21 ("the possibility of coordination or consolidation is a factor to consider in analyzing a motion to transfer"); *Davox Corp. v. Digital Sys. Int'l*, 846 F. Supp. 144, 149 (D. Mass. 1993) ("the cases should be heard in a single forum, to conserve judicial resources and to promote an efficient resolution of all the related matters pending between the parties").

Transfer to the Northern District of California would also prevent duplicative litigation and avoid the risk of inconsistent results. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that Section 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (*quoting Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). Five nearly identical cases are already pending in San Francisco and

9

53

have been assigned to one judge. Sending this case to that court, where it could be consolidated
with the pending actions, will prevent duplicative and inconsistent litigation.[5]

Transfer to the Northern District of California will thus promote the interests of justice
and trial efficiency.

## III.    PLAINTIFF'S FORUM CHOICE IS NOT ENTITLED TO DEFERENCE

While, in some circumstances, plaintiff's choice of forum is entitled to deference, those
circumstances do not exist in a nationwide class action where the chosen forum bears no
connection to the events in litigation. *See United States ex rel. Ondis v. City of Woonsocket*, 480
F. Supp. 2d 434, 436 (D. Mass. 2007) ("where the operative facts of the case have no material
connection with this district, plaintiff's choice of forum carries less weight"); *Brant Point*, 671 F.
Supp. at 5 (same). This forum has no connection to the events alleged in the complaint.

The fact that the plaintiff does not live in this district only further undercuts her choice of
forum. *Transamerica*, 670 F. Supp. at 1093 (where plaintiffs choose not to bring suit on their
"home turf," their choice of forum carries little weight); *see also Cruickshank v. Clean Seas Co.*,
402 F. Supp. 2d 328, 339 (D. Mass. 2005); *McEvily*, 878 F. Supp. at 344 (defendant's burden
lightened when forum is neither plaintiff's "home turf" nor the site of the activities at issue in the
case).

---

[5] The "first-to-file" rule also suggests that the Northern District of California should hear
all the cases. The "first-to-file" rule holds that priority should be given to the district where the
first action was filed. *Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co.*, 402 F. Supp.
2d 343, 347 (D. Mass. 2005) ("first-filed" rule gives precedence to the first of two duplicative
actions proceeding in different federal courts); *Cianbro Corp.*, 814 F.2d at 11 ("Where identical
actions are proceeding concurrently in two federal courts . . . , the first filed action is generally
preferred in a choice-of-venue decision.").

10

## CONCLUSION

Plaintiff's decision to file in this district reflects no apparent rationale. It is not justified

by any of the factors used to determine whether transfer is appropriate under 28 U.S.C. §

1404(a). Rather, those factors overwhelmingly favor transfer to the Northern District of

California. Although deference might in some cases be accorded to a plaintiff's choice of a

forum, in this case it should not stand in the way of a transfer of this action, in the interests of

justice and the convenience of all concerned, to the Northern District of California.

Dated: May 16, 2008

By: /s/ Steven W. Hansen

Steven W. Hansen  (BBO No. 220820)
Frances S. Cohen  (BBO No. 542811)
Bingham McCutchen LLP
Boston, MA  02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8376
steven.hansen@bingham.com
frances.cohen@bingham.com

Darryl P. Rains
Stuart C. Plunkett
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
splunkett@mofo.com

Attorneys for Defendants

The Charles Schwab Corporation, Charles Schwab &
Co., Inc., Charles Schwab Investment Management,
Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall
W. Merk, and George M. Pereira

11

## CERTIFICATE OF SERVICE

I, Steven W. Hansen, hereby certify that I caused a copy of the foregoing Defendants'
Memorandum of Law in Support of Motion to Transfer to the Northern District of California to
be served via e-mail and mail, postage prepaid on May 16, 2007, upon:

David Pastor
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110

and

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

/s/ Steven W. Hansen
Steven W. Hansen

12

56

57

sf-2503595

Filed 05/16/2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARNITA COLEMAN, Individually and On
Behalf of All Others Similarly Situated,

Plaintiff,

vs.

THE CHARLES SCHWAB CORPORATION,
CHARLES SCHWAB & CO. INC., CHARLES
SCHWAB INVESTMENT MANAGEMENT,
INC., CHARLES R. SCHWAB, EVELYN S.
DILSAVER, RANDALL W. MERK and
GEORGE M. PEREIRA,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
1:08-CV-10626-RGS

DECLARATION OF STUART C.
PLUNKETT IN SUPPORT OF
DEFENDANTS' MOTION TO
TRANSFER TO THE
NORTHERN DISTRICT OF
CALIFORNIA

[ORAL ARGUMENT
REQUESTED]

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R. DANIEL BOHL, on Behalf Himself and All Others Similarly Situated, ) ) ) Plaintiff, ) ) ) v. ) ) THE CHARLES SCHWAB CORPORATION, ) CHARLES SCHWAB & CO. INC., SCHWAB ) INVESTMENTS, THE SCHWAB YIELDPLUS ) FUND, CHARLES SCHWAB INVESTMENT ) MANAGEMENT, INC., CHARLES R. ) SCHWAB, MARIANN BYERWALTER, ) DONALD F. DORWARD, WILLIAM A. ) HASLER, ROBERT G. HOLMES, GERALD B. ) SMITH, DONALD R. STEPHENS, MICHAEL ) W. WILSEY, GREGORY HAND and EVELYN ) DILSAVER, ) ) Defendants. ) | CIVIL ACTION NO. 08-cv-10593 RGS |
| ARNITA COLEMAN, Individually and On Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) ) v. ) ) THE CHARLES SCHWAB CORPORATION, ) CHARLES SCHWAB & CO. INC., CHARLES ) SCHWAB INVESTMENT MANAGEMENT, ) INC., CHARLES R. SCHWAB, EVELYN S. ) DILSAVER, RANDALL W. MERK and ) GEORGE M. PEREIRA, ) ) Defendants. ) | CIVIL ACTION NO. 08-cv-10626 RGS |

### FIRST-FILED PLAINTIFF MIKE LABINS' JOINDER IN DEFENDANTS'
### MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiff, Mike Labins, filed the first complaint in a series of substantially identical

cases against the above-named Defendants on March 18, 2008 in the Northern District of

California. Since that time, seven additional cases have been filed including this case. First-

- 1 -

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Electronic Mail Notice List, attached herewith. Paper copies will be sent to the below listed non-registered participants on May 16, 2008.

David Pastor
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110

and

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

_____ s/ David S. Nalven _____
DAVID S. NALVEN

- 3 -

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R. DANIEL BOHL, on Behalf Himself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE CHARLES SCHWAB CORPORATION, )<br>CHARLES SCHWAB & CO. INC., SCHWAB )<br>INVESTMENTS, THE SCHWAB YIELDPLUS )<br>FUND, CHARLES SCHWAB INVESTMENT )<br>MANAGEMENT, INC., CHARLES R. )<br>SCHWAB, MARIANN BYERWALTER, )<br>DONALD F. DORWARD, WILLIAM A. )<br>HASLER, ROBERT G. HOLMES, GERALD B. )<br>SMITH, DONALD R. STEPHENS, MICHAEL )<br>W. WILSEY, GREGORY HAND and EVELYN )<br>DILSAVER, )<br><br>Defendants. ) | CIVIL ACTION NO. 08-cv-10593 RGS |
| ARNITA COLEMAN, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE CHARLES SCHWAB CORPORATION, )<br>CHARLES SCHWAB & CO. INC., CHARLES )<br>SCHWAB INVESTMENT MANAGEMENT, )<br>INC., CHARLES R. SCHWAB, EVELYN S. )<br>DILSAVER, RANDALL W. MERK and )<br>GEORGE M. PEREIRA, )<br><br>Defendants. ) | CIVIL ACTION NO. 08-cv-10626 RGS |

## FIRST-FILED PLAINTIFF MIKE LABINS' JOINDER IN DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiff, Mike Labins, filed the first complaint in a series of substantially identical

cases against the above-named Defendants on March 18, 2008 in the Northern District of

California. Since that time, seven additional cases have been filed including this case. First-

- 1 -

filed Plaintiff, Mr. Labins, respectfully joins in the motion to transfer this case to the

Northern District of California. Mr. Labins agrees that this matter should be transferred to

the Northern District of California where the majority of the related cases are on file, the bulk

of the witnesses and evidence are located and where Mr. Labins filed the first case.

Dated: May 16, 2008                         HAGENS BERMAN SOBOL SHAPIRO, LLP

                                            By: _____ /s/ David S. Nalven _____
                                                        DAVID S. NALVEN

                                            One Main Street, 4th Floor
                                            Cambridge, MA 02142
                                            Telephone: (617) 482-3700
                                            Facsimile: (617) 482-3003
                                            davidn@hbsslaw.com

                                            Steve Berman
                                            Sean R. Matt
                                            Erin K. Flory
                                            HAGENS BERMAN SOBOL SHAPIRO, LLP
                                            1301 Fifth Avenue, Suite 2900
                                            Seattle, WA 98101
                                            Telephone: (206) 623-7292
                                            Facsimile: (206) 623-0594
                                            steve@hbsslaw.com
                                            sean@hbsslaw.com
                                            erin@hbsslaw.com

                                            Reed R. Kathrein
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            715 Hearst Avenue, Suite 202
                                            Berkeley, CA 94710
                                            Telephone: (510) 725-3000
                                            Facsimile: (510) 725-3001
                                            reed@hbsslaw.com

                                            Counsel for Plaintiff Mike Labins

- 2 -

010036-12 239637 V1

62

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Electronic Mail Notice List, attached herewith. Paper copies will be sent to the below listed non-registered participants on May 16, 2008.

David Pastor
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110

and

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

s/ David S. Nalven
DAVID S. NALVEN

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARNITA COLEMAN, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | **CIVIL ACTION NO.**<br>**1:08–CV–10626–RGS** |
| vs. ) ) | |
| THE CHARLES SCHWAB CORPORATION, ) CHARLES SCHWAB & CO. INC., CHARLES ) SCHWAB INVESTMENT MANAGEMENT, ) INC., CHARLES R. SCHWAB, EVELYN S. ) DILSAVER, RANDALL W. MERK and ) GEORGE M. PEREIRA, ) | **DECLARATION OF STUART C. PLUNKETT IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA** |
| Defendants ) ) ) | [ORAL ARGUMENT REQUESTED] |

sf-2505395

57

I, STUART C. PLUNKETT, declare as follows:

1.    I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Morrison & Foerster LLP, counsel for certain defendants in this action. I submit this Declaration in Support of Defendants' Motion to Transfer to the Northern District of California. I make this Declaration based on personal knowledge, except for those matters stated on information and belief. If called as a witness, I would testify to the facts set forth below.

2.    This action is one of eight actions that have been filed in federal district courts since March 18, 2008, regarding the Schwab YieldPlus Fund. All of the actions assert identical claims and name substantially identical parties.

3.    Five of the actions are pending in the Northern District of California, including the first-filed action (*Labins v. The Charles Schwab Corporation et al.*, Case No. CV-08-01510, which was filed on March 18, 2008, and assigned to the Honorable William Alsup in the San Francisco Division. On April 28, 2008, the other four actions pending in the Northern District of California were related to the *Labins* action and assigned to Judge Alsup: *Hageman v. The Charles Schwab Corporation, et al.*, Case No. CV-08-01733; *Glasgow v. The Charles Schwab Corporation, et al.*, Case No. CV-08-01936; *Flanzraich v. The Charles Schwab Corporation, et al.*, Case No. CV-08-01994; and *Vinayak R. Pai Defined Benefits Pension Plan v. The Charles Schwab Corporation, et al.*, Case No. CV-08-02058.

4.    One action is pending in the Southern District of New York: *Tully v. The Charles Schwab Corporation et al.*, Case No. CV-08-03652 ("*Tully*"). On May 13, 2008, defendants filed a motion to transfer the *Tully* matter to the Northern District of California on the same grounds presented in the motion before this Court.

2

5.      The remaining action was filed in the District of Massachusetts: *Bohl v. The Charles Schwab Corporation et al.*, Case No. CV-08-10593 ("*Bohl*"). Defendants have filed a motion with this Court to transfer the *Bohl* matter to the Northern District of California.

6.      On information and belief, based on a review of publicly available information, plaintiff Arnita Coleman resides in New Castle, Delaware.

7.      I am informed and believe that members of the putative class live all over the United States.

8.      All of the individual defendants named in this action reside in or near San Francisco, California.

9.      The Charles Schwab Corporation, Charles Schwab & Co., Inc., and Charles Schwab Investment Management, Inc. are all headquartered in San Francisco, California.

10.     In paragraph nine of the complaint, the plaintiff alleges that "Schwab Investments was organized under Massachusetts law." While Schwab Investments was established as a business trust under the laws of the Commonwealth of Massachusetts, Schwab Investments' principal office is now and always has been in San Francisco, California. The complaint correctly alleges in paragraph twenty that the trust is headquartered in San Francisco. The Trust's bylaws, as amended, state that the Trust's principal office shall be located in San Francisco, and the Trustees have not authorized any other offices.

11.     In paragraphs nine and twenty-one of the complaint, the plaintiff alleges that the YieldPlus Fund is a Massachusetts Business Trust. The YieldPlus Fund is not a Massachusetts Business Trust or other separate legal entity organized or established under the laws of any state or government. Rather, the YieldPlus Fund is one of a number of portfolio series of Schwab

Investments. All of these portfolio series are part of Schwab Investments and are governed and subject to the Agreement and Declaration of Trust of Schwab Investments.

12.    Schwab Investments and the YieldPlus Fund are advised by Charles Schwab Investment Management, Inc. and distributed by Charles Schwab & Co., Inc. from their San Francisco headquarters. Schwab Investments and the YieldPlus Fund are also governed by a board of trustees that has overall responsibility for the management of the trust and fund. All but one of the current trustees of Schwab Investments are residents of California. The other trustee resides in Texas.

13.    Many present and former Schwab employees are, or have been, involved in the management of the fund at some point during the proposed class period. These potential non-party witnesses include managers, analysts, compliance personnel, and other personnel involved in drafting the fund's prospectuses and registrations statements. Nearly all of these witnesses reside in or around San Francisco.

14.    The majority of defendants' documents that are relevant to the plaintiff's claims are located at Schwab's headquarters in San Francisco or with the individual defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2008 in San Francisco, California.

Stuart C. Plunkett

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R. DANIEL BOHL, on Behalf Himself and All Others Similarly Situated, ) | CIVIL ACTION NO. 08-cv-10593 RGS |
| Plaintiff, ) | NOTICE OF FILING |
| v. ) | |
| THE CHARLES SCHWAB CORPORATION, ) CHARLES SCHWAB & CO. INC., SCHWAB ) INVESTMENTS, THE SCHWAB YIELDPLUS ) FUND, CHARLES SCHWAB INVESTMENT ) MANAGEMENT, INC., CHARLES R. ) SCHWAB, MARIANN BYERWALTER, ) DONALD F. DORWARD, WILLIAM A. ) HASLER, ROBERT G. HOLMES, GERALD B.) SMITH, DONALD R. STEPHENS, MICHAEL ) W. WILSEY, GREGORY HAND and EVELYN ) DILSAVER, ) | |
| Defendants. ) | |
| ARNITA COLEMAN, Individually and On Behalf of All Others Similarly Situated, ) | CIVIL ACTION NO. 08-cv-10626 RGS |
| Plaintiff, ) | |
| v. ) | |
| THE CHARLES SCHWAB CORPORATION, ) CHARLES SCHWAB & CO. INC., CHARLES ) SCHWAB INVESTMENT MANAGEMENT, ) INC., CHARLES R. SCHWAB, EVELYN S. ) DILSAVER, RANDALL W. MERK and ) GEORGE M. PEREIRA, ) | |
| Defendants. ) | |

64

Please take notice that on May 16, 2008, in the United States District Court for the

Northern District of California, the YieldPlus Investor Group filed a motion to consolidate,

to appoint the YieldPlus Investor Group as Lead Plaintiff and to approve the Proposed

Lead Plaintiff's selection of counsel.

Dated: May 16, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP

                                       By: _____ /s/ David S. Nalven _____
                                                   DAVID S. NALVEN

                                       One Main Street, 4th Floor
                                       Cambridge, MA 02142
                                       Telephone: (617) 482-3700
                                       Facsimile: (617) 482-3003
                                       davidn@hbsslaw.com

                                       Steve Berman
                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                       1301 Fifth Avenue, Suite 2900
                                       Seattle, WA 98101
                                       Telephone: (206) 623-7292
                                       Facsimile: (206) 623-0594
                                       steve@hbsslaw.com

                                       Reed R. Kathrein
                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                       715 Hearst Avenue, Suite 202
                                       Berkeley, CA 94710
                                       Telephone: (510) 725-3000
                                       Facsimile: (510) 725-3001
                                       reed@hbsslaw.com

                                       Counsel for Lead Plaintiff Movant
                                       The YieldPlus Investor Group

- 1 -

010036-12 239962 V1

65

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Electronic Mail Notice List, attached herewith. Paper copies will be sent to the below listed non-registered participants on May 16, 2008.

David Pastor
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110

and

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

s/ David S. Nalven
DAVID S. NALVEN

- 2 -

# Mailing Information for a Case 1:08-cv-10593-RGS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frances S. Cohen**
  frances.cohen@bingham.com,anne.cadorette@bingham.com

- **Steven W. Hansen**
  steven.hansen@Bingham.com,nicole.zarycki@bingham.com

- **Thomas G. Shapiro**
  tshapiro@shulaw.com,sgeresy@shulaw.com

- **Adam M. Stewart**
  astewart@shulaw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARNITA COLEMAN, Individually and On
Behalf of and All Others Similarly Situated,

                    Plaintiff,

    v.

The Charles Schwab Corporation, et al.,

                    Defendants

CIVIL ACTION
NO. 1:08-CV-10626-RGS

## NOTICE OF CHANGE OF FIRM ADDRESS

TO THE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF
RECORD:

PLEASE TAKE NOTICE that effective May 27, 2008, the new address for
counsel for The Charles Schwab Corp., Charles Schwab & Co., Inc., Charles Schwab
Investment Management, Inc., Schwab Investments, Charles R. Schwab, Gregory
Hand and Evelyn S. Dilsaver:

Steven W. Hansen
Frances S. Cohen
Bingham McCutchen LLP
One Federal Street
Boston, MA 02110-1726
Telephone: 617.951.8000
Facsimile: 617.951.8736

All pleadings, papers, notices and other documents filed or served in this
matter from May 27, 2008 forward should be sent to the above address.

A/72545404.1/0434565-0000332635

69

The Charles Schwab Corp., Charles
Schwab & Co., Inc., Charles Schwab
Investment Management, Inc., Schwab
Investments, Charles R. Schwab,
Gregory Hand and Evelyn S. Dilsaver

By their attorneys,

/s/ Steven W. Hansen

Steven W. Hansen BBO # 220820
steven.hansen@bingham.com
Frances S. Cohen, BBO #542811
frances.cohen@bingham.com
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
617.951.8000

Dated: May 22, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be
sent electronically to the registered participants as identified on the Notice of
Electronic Filing (NEF) and paper copies will be sent to those indicated as non-
registered participants on May 22, 2008.

/s/ Frances S. Cohen, BBO #542811
frances.cohen@bingham.com

- 2 -

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ARNITA COLEMAN, Individually and on )
Behalf of All Others Similarly Situated, )
                                        )
                    Plaintiff,          )
                                        )
        vs.                             )        **C.A. NO. 1:08-CV-10626-RGS**
                                        )
THE CHARLES SCHWAB CORPORATION, )
et al.,                                 )
                                        )
                    Defendants.         )
_____ )

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, Plaintiff commenced this Action by filing a complaint dated April 11, 2008 (the "Complaint"):

WHEREAS, the Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of a purported class;

WHEREAS, pursuant to Section 27 of the Securities Act, a Lead Plaintiff must be appointed;

WHEREAS, seven other actions have been filed since March 18, 2008, involving identical claims and substantially overlapping parties and those actions are pending in the United States District Courts for the District of Massachusetts, the Northern District of California, and the Southern District of New York; and

WHEREAS, defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall W. Merk, and George M. Pereira have agreed to accept service of process; and

A/72539432.1/0434565-0000332635

71

WHEREAS, the parties have agreed to a schedule that extends these defendants' time to respond to the complaint until after a lead plaintiff has been appointed.

IT IS HEREBY STIPULATED AND AGREED among the undersigned parties as follows:

1.    Without waiving any rights, defenses or other objections, counsel for defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall W. Merk, and George M. Pereira accept service of the Complaint on behalf of each of the these defendants; and

2.    Defendants shall not be required to answer or otherwise respond to the Complaint;

3.    Pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(3)(A)(i)(II)), motions for appointment as lead plaintiff are to be filed by May 19, 2008;

4.    The Lead Plaintiff shall file and serve a consolidated amended complaint or designate a previously-filed complaint as the operative complaint (the "Operative Complaint") no later than 45 days after an order appointing it is entered by the Court;

5.    Defendants shall file and serve an answer, motion to dismiss or other response to the Operative Complaint no later than 45 days after the Operative Complaint is served;

6.    If Defendants respond to the Operative Complaint by motion to dismiss, Lead Plaintiff shall file its opposition papers no later than 45 days after the motion is served;

7.    Defendants shall file their reply papers no later than 30 days after Lead Plaintiff's opposition papers are served.

A/72539432.1

2

72

Respectfully submitted,

Dated: May 16, 2008

/s/ David Pastor
David Pastor (BBO #391000)
Daniel D'Angelo (BBO #630321)
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
dpastor@gilmanpastor.com
ddangelo@gilmanpastor.com

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
rmaniskas@stbklaw.com
skaskela@sbtklaw.com
dpromisloff@sbtklaw.com

*Attorneys for Plaintiff*

Dated: May 16, 2008

/s/ Steven W. Hansen
Steven W. Hansen (BBO No. 220820)
Frances S. Cohen (BBO No. 542811)
Bingham McCutchen LLP
Boston, MA 02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8376
steven.hansen@bingham.com
frances.cohen@bingham.com

Darryl P. Rains
Stuart C. Plunkett
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
drains@mofo.com
splunkett@mofo.com

*Attorneys for Defendants The Charles Schwab*
*Corporation, Charles Schwab & Co., Inc., Charles*
*Schwab Investment Management, Inc., Charles R.*
*Schwab, Evelyn S. Dilsaver, Randall W. Merk, and*
*George M. Pereira.*

SO ORDERED

Dated: **5-21-08.**

Honorable Richard G. Stearns
United States District Judge

4

74

Case 3:08-cv-02983-WHA   Document 1   Filed 06/17/2008   Page 86 of 89
Case 1:08-cv-10626   Document 15   Filed 05/21/2008   Page 1 of 4
Case 1:08-cv-10626-RGS   Document 7   Filed 05/16/2008   Page 1 of 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ARNITA COLEMAN, Individually and on )
Behalf of All Others Similarly Situated, )
                                )
                Plaintiff, )
                                )
      vs.                          )     **C.A. NO. 1:08-CV-10626-RGS**
                                  )
THE CHARLES SCHWAB CORPORATION, )
et al.,                                 )
                                  )
                Defendants. )
_____ )

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, Plaintiff commenced this Action by filing a complaint dated April 11, 2008
(the "Complaint");

WHEREAS, the Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the
Securities Act of 1933 (the "Securities Act") on behalf of a purported class;

WHEREAS, pursuant to Section 27 of the Securities Act, a Lead Plaintiff must be
appointed;

WHEREAS, seven other actions have been filed since March 18, 2008, involving
identical claims and substantially overlapping parties and those actions are pending in the United
States District Courts for the District of Massachusetts, the Northern District of California, and
the Southern District of New York; and

WHEREAS, defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc.,
Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall
W. Merk, and George M. Pereira have agreed to accept service of process; and

Case 3:08-cv-02983-WHA   Document 1   Filed 06/17/2008   Page 87 of 89
Case 1:08-cv-10626   Document 15   Filed 05/21/2008   Page 2 of 4
Case 1:08-cv-10626-RGS   Document 7   Filed 05/16/2008   Page 2 of 4

WHEREAS, the parties have agreed to a schedule that extends these defendants' time to respond to the complaint until after a lead plaintiff has been appointed.

IT IS HEREBY STIPULATED AND AGREED among the undersigned parties as follows:

1.    Without waiving any rights, defenses or other objections, counsel for defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn S. Dilsaver, Randall W. Merk, and George M. Pereira accept service of the Complaint on behalf of each of the these defendants; and

2.    Defendants shall not be required to answer or otherwise respond to the Complaint;

3.    Pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(3)(A)(i)(II)), motions for appointment as lead plaintiff are to be filed by May 19, 2008;

4.    The Lead Plaintiff shall file and serve a consolidated amended complaint or designate a previously-filed complaint as the operative complaint (the "Operative Complaint") no later than 45 days after an order appointing it is entered by the Court;

5.    Defendants shall file and serve an answer, motion to dismiss or other response to the Operative Complaint no later than 45 days after the Operative Complaint is served;

6.    If Defendants respond to the Operative Complaint by motion to dismiss, Lead Plaintiff shall file its opposition papers no later than 45 days after the motion is served;

7.    Defendants shall file their reply papers no later than 30 days after Lead Plaintiff's opposition papers are served.

2

A/72539432.1

76

Respectfully submitted,

Dated: May 16, 2008

/s/ David Pastor
David Pastor (BBO #391000)
Daniel D'Angelo (BBO #630321)
Gilman & Pastor, LLP
225 Franklin Street, 16th Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
dpastor@gilmanpastor.com
ddangelo@gilmanpastor.com

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
rmaniskas@stbklaw.com
skaskela@sbtklaw.com
dpromisloff@sbtklaw.com

*Attorneys for Plaintiff*

Dated: May 16, 2008

/s/ Steven W. Hansen
Steven W. Hansen (BBO No. 220820)
Frances S. Cohen (BBO No. 542811)
Bingham McCutchen LLP
Boston, MA 02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8376
steven.hansen@bingham.com
frances.cohen@bingham.com

A/72539432 1

3

Case 3:08-cv-02983-WHA    Document 1    Filed 06/17/2008    Page 89 of 89
Case 1:08-cv-10626    Document 15    Filed 05/21/2008    Page 4 of 4
Case 1:08-cv-10626-RGS    Document 7    Filed 05/16/2008    Page 4 of 4

Darryl P. Rains
Stuart C. Plunkett
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
drains@mofo.com
splunkett@mofo.com

*Attorneys for Defendants The Charles Schwab
Corporation, Charles Schwab & Co., Inc., Charles
Schwab Investment Management, Inc., Charles R.
Schwab, Evelyn S. Dilsaver, Randall W. Merk, and
George M. Pereira.*

SO ORDERED

Dated: **5-21-08.**

Honorable Richard G. Stearns
United States District Judge